(89 App. Div. 237.)

NORTON et al. v. UNITED STATES WOOD PRESERVING CO.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CONTRACTS—NONPERFORMANCE—COMPLETION OF WORK.

Where the specifications of a contract for the laying of wood pavement required that after the blocks had been placed the pavement should be rolled with a 10-ton roller, and after plaintiffs had failed to comply with such provision defendants notified them by letter that unless

such provision was performed defendants would perform the same at plaintiff's expense, but plaintiffs did not notify defendants that they could not roll the pavement and therefore accepted defendants' proposition to roll the same for them, plaintiff was not entitled to rely on defendants doing the rolling at plaintiffs' expense.

2. SAME.

Where contractors for street paving willfully neglected and refused to roll the paving after it was laid, as required by the specifications of the contract, and such rolling constituted a substantial part of the contract, and by reason of plaintiffs' failure to do so defendants were compelled to relay a part of the paving at large expense, plaintiffs were not entitled to recover on the contract.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Dennis E. Norton and another against the United States Wood Preserving Company. From a Municipal Court judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

W. W. Niles, for appellant.

J. Stewart Ross, for respondents.

WOODWARD, J. The material facts in this case are not disputed. On the 4th day of October, 1902, the defendant wrote a letter to Norton & Gorman, the plaintiffs in this action, in which the following proposition was made:

"We understand that you will haul our wooden paving blocks from dock at Piers 24 to 26, Brooklyn, and lay them in place on State street in accordance with the attached specifications, for the sum of 30c. per square yard. If this is correct, we hereby authorize you to go ahead with the work, and agree to pay for same upon its completion and acceptance by us, in accordance with the specifications furnished."

Among the requirements of the specifications was one that after the blocks had been properly placed the "pavement is then to be rolled with a ten-ton roller until its surface is true and even, and the joints filled with clean, dry screened sand," etc. The plaintiffs entered upon the work and completed the laying of the pavement on or about the 24th day of October, 1902, but it is conceded that the pavement was never rolled with a 10-ton roller, the plaintiffs using a 3-ton horse roller instead. On the 24th day of October, 1902, the defendant wrote to the plaintiffs as follows:

"We have been trying to get you to roll State street, Brooklyn, with a 10-ton steam roller, according to the specifications under which contract was awarded to you for this work, for the past four days, and you have failed to roll the street as agreed. Unless you can set a definite time for the immediate rolling of the street, we shall be obliged to have it rolled at your expense, and hereby notify you that we will do so unless the street is rolled by Saturday night."

It is conceded that the plaintiffs did not do this rolling within the time limited by this letter, and that they never rolled it with a 10-ton steam roller. When the defendant inspected the street on the following Monday, it was found that the pavement, under the traffic which had been admitted, was so far defective that the defendant was obliged

to take it all up and lay it over again, rolling it with a heavy roller, and, although the same material was used, it has since stood the traffic of the street. The defendant alleged the failure of the plaintiffs to do the work in the manner prescribed by the specifications, and established the facts upon the trial, but the learned justice before whom the case was tried found in favor of the plaintiffs. From the judgment entered, appeal comes to this court.

The respondents urge, in support of this judgment, that they, notwithstanding their failure to perform this contract, have a right to recover in this action because of the defendant's letter threatening to complete the work at their expense unless they did it before Saturday·night. They say that they had a right to rely upon the defendant doing this work at their expense, and as this would only cost about $15, and the judgment made allowance for that sum, the judgment should be sustained, even though it is conceded that by reason of the defective work the defendant was put to an expense of over $200 to put the paving in condition where it was proper for the street. We are clearly of opinion that this is not the law. There is no pretense that the plaintiffs ever notified the defendant that they accepted this proposition, or that they relied upon it in any way, and it is very clear that the defendant never waived its right to a performance of the contract. It may be that if the plaintiffs had promptly notified the defendant that they could not or would not do the rolling, and that they would allow the defendant for the work of rolling, so that the defendant might have gone on and completed the work in the manner provided by the contract, the plaintiffs would have been entitled to recover for the work, less the cost of completing the same. But they did nothing of the kind; they simply stood upon their contract, and assumed that the lighter rolling was a substantial compliance with their contract. They willfully neglected or refused to do what they had contracted to do, and made no effort to protect themselves or the defendant from the damages which the result has shown must follow from a defect in the work, and they have no right to a recovery in this action. In Mitchell v. Williams, 80 App. Div. 527, 529, 80 N. Y. Supp. 864, 866, the court say:

"Now, it seems to be a proposition too plain for argument that when an owner makes a contract for the doing of a work upon a building of a particular character, and the work is done in an entirely different manner, as is conceded by the learned trial court in this case, he cannot be compelled to pay for the work, making deductions for the poor quality of the work and material"—

And we discover no difference in principle where the work is to be done upon a highway in a particular manner. It is true, in building contracts, where the contractor, through inadvertence, has failed to comply with some immaterial provisions of the specifications, he has been permitted to recover upon showing the defect and proving the amount which would be necessary to bring the building up to the requirements of the contract; but in no case which has been called to our attention, or with which we are familiar, has it been held that a contractor might willfully neglect to perform a substantial provision of his contract, going to the very essence of it, and then recover

the face of his contract, less the amount which it would have cost him to do the work if he had been disposed to do so. He is bound to show that the defects or omissions were not only unsubstantial, but unintentional, and the amount needed to make them good. This is an essential part of substantial performance. Spence v. Ham, 163 N. Y. 220, 227, 57 N. E. 412, 51 L. R. A. 238, and authorities there cited. He cannot willfully disregard the provisions of his contract and recover upon the contract, and the complaint should have been dismissed.

The judgment and order appealed from should be reversed, with costs.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.