FLANDERS v. ROSOFF et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1906.)

1. ATTORNEY AND CLIENT—EXISTENCE OF RELATION—KNOWLEDGE OF ATTORNEY.
    An attorney who examined title to land for one desiring to obtain a loan thereon, and who was paid by him for the services, was not the agent of the person from whom he procured money to make the loan, and such person was not chargeable with the knowledge which the attorney acquired in examining the title.

2. SPECIFIC PERFORMANCE—PERFORMANCE BY PARTY PRAYING FOR RELIEF—BURDEN OF PROOF.
    One seeking the specific performance of a contract on allegations of full performance thereof is bound to show full performance to entitle him to the aid of the court.
    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 249–252.]

3. SAME—SUFFICIENCY OF PROOF.
    In a suit for the specific performance of a contract whereby defendant agreed to execute a mortgage to secure plaintiff for the cost of erecting a building, it was shown that the building did not conform with the contract, but that substantial and structural defects pervaded the work, which defects were intentional on plaintiff's part. Held, that the complaint was properly dismissed on the merits.
    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 249–252.]

4. SAME—AWARDING COMPENSATION—EVIDENCE—SUFFICIENCY.
    Where, in a suit for the specific performance of a contract whereby defendant agreed to execute a mortgage to secure plaintiff for the cost of erecting a building, the evidence showed that there was such failure on the part of plaintiff in the performance of the contract to erect the building as required the refusal to grant specific performance, and there was no evidence of the value of the work done or materials furnished in the erection of the building, there could be no recovery on a quantum meruit.
    [Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, §§ 412–414.]

Appeal from Special Term, Franklin County.

Action by Allen B. Flanders against Anna Rosoff and another. From a judgment dismissing the complaint on the merits, entered on a decision of the court made after a trial before the court without a jury, plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

J. P. Kellas, for appellant.
Martin E. McClarey, for respondent Ames.
Gordon H. Main, for respondent Rosoff.

CHESTER, J. The action is one in equity for the specific performance of a contract. The plaintiff sought to require the defendant to execute a mortgage on certain premises upon which a building had been constructed by the plaintiff under a contract between him and the defendant Rosoff, for which the plaintiff alleged that the defendant Rosoff was to secure to be paid to the plaintiff $1,200 by a first mortgage on the premises. The plaintiff alleged in his complaint that he had "in all things performed the said agreement upon his part to be performed and duly constructed said building as he stipulated in said agreement to do." While the building was being constructed by the plaintiff, the defendant Ames loaned the defendant Rosoff the sum of $1,200, and received therefor a first bond and mortgage upon the premises described in the complaint. The plaintiff alleged that at the time of the execution of such mortgage to the defendant Ames she had full knowledge of the agreement between the plaintiff and the defendant that the plaintiff was entitled to a first mortgage on the premises to secure the payment of the sum of $1,200.

The court found that neither at the time of the execution of the mortgage to Ames nor prior thereto did she have any knowledge or notice that the plaintiff claimed the right or had the right to a first mortgage, or to any mortgage, upon the premises described in the complaint for any amount. It was shown that she had no knowledge, unless she was charged with the knowledge which the attorney who examined the title and who procured the money from her to make the loan had; but it clearly appeared that the attorney was not her agent in examining the title and that he examined it for Rosoff, for whom he procured the loan and by whom he was paid for his services. So that, if he had any such knowledge, Mrs. Ames would not be bound thereby. Even as to the claim that the attorney had any such knowledge there was a question of fact for the determination of the court and the finding that he had no such knowledge is supported by sufficient evidence. The court has also found in great detail the respects in which the building did not conform in workmanship and materials furnished with the contract, and in addition thereto has found "that substantial, material, and structural defects pervade the whole work and that said defects were intentional on the part of the plaintiff." These findings appear to be sustained by ample testimony.

The plaintiff having sought to recover upon the allegation of full performance on his part, the burden was upon him to show that, to entitle him to the aid of the court in compelling performance by the other party. He failed to show that, and, if the defendant Rosoff had moved to dismiss the complaint at the close of plaintiff's proof, it would have been proper to have granted the motion upon that ground. When it affirmatively appeared in the defendant's evidence that the plaintiff had failed in many substantial respects to perform his contract the complaint was properly dismissed upon the merits. Authority for so plain a proposition is hardly deemed essential. Reference to but one, therefore, will be made. Chancellor Kent, in Benedict v. Lynch, 1 Johns. Ch. 370, 7 Am. Dec. 484, says:

"It may, then, be laid down as an acknowledged rule in courts of equity—and so the rule is considered in the elementary treatises on the subject

(Newland on Contracts, 242; Sug. L. of Vend. [3d Lond. Ed.] 268)—that where the party who applies for a specific performance has omitted to execute his part of the contract by the time appointed for that purpose, without being able to assign any sufficient justification or excuse for his delay, and when there is nothing in the acts and conduct of the other party that amounts to an acquiescence in that delay, the court will not compel specific performance."

The appellant also contends that the court improperly denied him leave to amend his complaint, and he argues that such amendment has deprived him of any recovery in the action, even for the value of the work performed and materials furnished, on the theory that he had not fully performed. The application to amend was made at the close of all the testimony, and the proposed amendment, if it had been allowed by the court, would not have aided the plaintiff; for he did not seek by the amendment to change the action from one for specific performance to one to enable him to recover as for a quantum meruit. Nor on the trial had the plaintiff offered any evidence as to the value of the work done or materials furnished by him in or upon the building, or tending to show such value; and if he deemed himself entitled to recover upon such quantum meruit it was incumbent upon him to produce such testimony. Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238; Norton v. U. S. Wood Preserving Co., 89 App. Div. 237, 85 N. Y. Supp. 886. So that, if the amendment had been allowed, there could have been no recovery, under the evidence, upon the theory now insisted upon by the appellant. Nor, indeed, would such a recovery have been permissible under the complaint as interposed.

We have examined the numerous exceptions to the rulings of the court upon the admission and exclusion of evidence, and find none that justifies a reversal. The question is not presented, and we are not required to decide on this appeal, whether the judgment dismissing the complaint upon the merits would be a bar to another action upon the part of the plaintiff to recover from the defendant Rosoff for the value of the work performed and the materials furnished by him for the defendant Rosoff.

The judgment must be affirmed, with costs. All concur.