FERGUSON v. FERGUSON. (No. 3621.)

Court of Civil Appeals of Texas. Texarkana. Jan. 17, 1929.

Rehearing Denied Jan. 24, 1929.

457

See, also, 11 S.W.(2d) 214.

F. L. Henderson, of Bryan, and L. D. Griffin, of Plainview, for appellant.

Freeman, McReynolds & Hay, of Sherman, for appellee.

HODGES, J. This suit was filed by Joe Lee Ferguson, administrator of the estate of Mrs. Kate Morton, deceased, to recover the principal, interest, and attorney's fees due upon the following instrument:

"$20,000.00. Sherman, Texas, November 30, 1924.

"Three months after demand without grace after date, I, we or either of us promise to pay to the order of Mrs. Kate F. Morton of Haskell, Texas, twenty thousand dollars at the Merchants' & Planters' National Bank, Sherman, Texas, for value received, with interest at the rate of ———— per cent. per annum after date until paid. And in case this note is placed in the hands of an attorney for collection, I, we or either of us agree to pay ten per cent on the amount fixed as reasonable for attorney's fees. Each maker, surety and indorser hereon waives grace, protest, notice and demand for payment, and consents that the time of payment may be extended or this note renewed without notice and without releasing any of the parties hereto. Subject further to the terms of maturity outlined in letter dated Nov. 30, 1924, attached hereto. For all stock owned by Kate F. Morton in Ferguson Seed Farms, Inc., issued or to be issued."

The evidence shows that Mrs. Morton died in March, 1925, in Haskell county, Texas, and that Joe Lee Ferguson, appellee in this suit, was appointed administrator of her estate. The note sued on was found by the administrator, after her death, among Mrs. Morton's private papers.

The evidence shows that Mrs. Morton owned considerable property at the time of her death. She was a sister of the appellee, Joe Lee Ferguson, and the appellant, A. M. Ferguson. She had two other brothers, who are not parties to this proceeding. It further appears from the evidence that A. M. Ferguson was interested in a number of private corporations, among them the Ferguson Seed Farms, Inc., and that prior to the execution of this note Mrs. Morton had rendered him financial assistance in various ways. She had taken stock in some of his corporations, and later sold that stock to him. She had also, at different times, loaned him money, and for his benefit had assumed indebtedness due from the corporations in which he was interested. It appears that their transactions had been rather extensive and somewhat complicated. The note involved in this litigation was sent by mail to Mrs. Morton after its execution, and was accompanied by an explanatory letter which contained the following statement as to the conditions upon which the note was given:

"In regard to the suggestion for an eventual sale of your interests in FSF to Hallie or me on the basis suggested of original investments plus interests, etc. I cannot get all the figures together for a reasonably accurate statement, but to the best guessing I can do it is $9,000.00 plus four years' interest, $12,500, plus interest and a few other items. With all deductions this will make around $20,000.00. We are not ready at this time to make this move, but it would probably be best to have some sort of an agreement or declaration of an intention that would protect the situation in case either of us should die before the payment could be made. If agreeable to you, and subject to your approval, I am inclosing note for $20,000.00 made to you, the idea being that the sale is not immediately effective, but in contemplation and to become effective on the death of either of us, if not sooner closed up. I hope that I will be in position to take up the note in a year and a half or two years at most.

"This note and this letter should be kept together in a sealed envelope with notations for disposition in case of death or otherwise. As soon as the stock certificates are issued (which will be soon) they will be sent to you. They will be made out in your name and you can indorse them in blank and inclose with this letter in the same way and kept securely put away awaiting the time when we can make the payment; either Hallie or I, and the payment and transfer to be accordingly. In the meantime no one need to know anything of the condition, because I think that it would be best to let the stock record show the ownership as called for in the charter.

"If this is satisfactory, just advise me or Hallie and the matter can rest here for a while. From all the information I can get this is probably the best plan for all.

"What is the reason that you cannot come by and spend a while with us on your way to Austin and visit with Hallie and the little ones, including your *little baby brother?* You can also see how the business is being conducted and talk over any other plans that may be on your mind."

The defendants below answered by general demurrer and a general denial, and specially pleaded that the note was executed under a mutual mistake of fact regarding the amount due from A. M. Ferguson to Mrs. Morton. In a trial before the court without a jury, a judgment was rendered in favor of the ad-

ministrator for the full amount of the note, including interest at the rate of 6 per cent. per annum and attorney's fees.

■ The two principal propositions relied on for a reversal of the judgment of the trial court are: (1) That the plaintiff's petition was subject to a general demurrer; and (2) that the evidence conclusively showed that the note sued on was executed under a misapprehension of the amount of the indebtedness then due from A. M. Ferguson to Mrs. Morton, and for that' reason the judgment rendered in the trial court is excessive. The record does not show that the demurrer. was ever called to the attention of the court during the progress of the trial. It is contended, however, that the petition is fundamentally defective, in that it shows upon its face that the temporary administrator had no legal authority to institute this suit. That portion of the petition referred to as disclosing the defect is as follows:

"Plaintiff is the duly qualified and acting temporary administrator of the estate of Mrs. Kate F. Morton, deceased, acting under the orders of the county court of Haskell county, Texas, in which capacity he institutes and prosecutes this suit. That plaintiff was appointed temporary administrator of said estate by order of the county court of Haskell county, Texas, on the ———— day of March, 1925, and qualified as such.

"That thereafter, by order of said court, dated June 19, 1925, he, as temporary administrator, was empowered and directed to collect all claims and debts due and which might become due on the estate of said Kate F. Morton, deceased, and, *if necessary*, to institute and prosecute suit or suits to collect the same, and was further empowered and directed 'to forthwith take necessary steps to ascertain, establish, protect and recover all right, title and interest which the estate of Kate F. Morton may claim or own in and to the properties known as the Ferguson Seed Farms, Inc., of Sherman, Grayson county, Texas, and to empower all necessary counsel to accomplish such purpose.' That pursuant to such orders of court and in the discharge of his duties as temporary administrator of the estate of Mrs. Kate F. Morton, deceased, plaintiff institutes and prosecutes this suit, and for cause of actions shows to the court," etc.

Appellant contends that under the provisions of articles 3373, 3374, and 3379 of the Revised Civil Statutes of 1925 the powers of a temporary administrator must be specifically defined in the order making the appointment, and further contends that the recitals of the petition show that the administrator relies for authority upon the order of the probate court made after his appointment. We do not think the statute is susceptible of the construction insisted upon by counsel for appellant. The record clearly sustains the conclusion that the appellee was legally appointed temporary administrator of the estate of Mrs. Morton, that he had qualified as such, and that he was charged with the duty of preserving the estate. It is also apparent from the record that he brought this suit in his 'representative capacity His right to prosecute the suit was not questioned by the appellant in the trial in the manner required by article 2010 of the statute. We think the objection based upon the demurrer is untenable.

■ The state of the record is such that it is not necessary to discuss in detail the evidence. The court filed findings of fact and conclusions of law. Among the findings of fact is the following:

"In November, 1924, the defendant, A. M. Ferguson, executed his note to Mrs. Kate F. Morton in the sum of twenty thousand ($20,000.00) dollars, being the note sued on in this case. The consideration for the execution of this note was the money previously loaned by Mrs. Morton to the defendant, A. M. Ferguson, and for advancements which she had theretofore made to him; and it was executed by him for the purpose of making a settlement with Mrs. Morton, for such preexisting indebtedness and acquiring stock owned by her in the Ferguson Seed Farms, Incorporated. This note was accepted by Mrs. Morton, and retained by her, and was found among her papers at the time of her death."

The sufficiency of the evidence to sustain that and other appropriate findings of fact filed by the court is not questioned by any assignment of error; in fact, the record shows that no assignments of error were ever filed in the trial court. We have, however, examined the evidence adduced in the trial, and have reached the conclusion that there was sufficient proof to support the findings and judgment of the trial court.

The judgment will therefore be affirmed.