## CRUNCLETON et al. v. CHICAGO PORTRAIT CO. (No. 8206.)

Court of Civil Appeals of Texas. San Antonio. April 24, 1929.

Jones & Lyles, of Del Rio, for appellants.

Phil B. Foster, of Del Rio, and Norton & Brown, of San Antonio, for appellee.

COBBS, J. Appellee, a corporation of Cook county, Ill., sued L. Cruncleton and appellants, Luke Dowe, A. G. Edwards, and A. Madison, for the sum of $506.02, being an alleged balance due under a collector's contract entered into by L. Cruncleton with Chicago Portrait Company, by which he agreed to deliver portraits, frames, and other merchandise to purchasers, to collect for same and remit the collections to appellee at Chicago, Ill. In order to secure the performance of the obligations of said contract, a bond in favor of Chicago Portrait Company was executed by L. Cruncleton as principal, and signed by Luke Dowe, A. G. Edwards, and A. Madison, as sureties, whereby they became liable and bound to pay appellee the amount due under Cruncleton's contract.

The defendants answered with plea in abatement, exceptions, and general denial.

The plea in abatement questioned the right of appellee to do business in Texas, because of the failure to procure a permit to do business as required by chapter 19, title 32, of the Revised Statutes of Texas 1925 (articles 1529 —1538). Appellee replied that it was engaged in interstate commerce, and was not required to procure a permit in order to maintain the suit.

The case was tried with a jury, and in reply to its answers a judgment was rendered by the court for the appellee for the amount sued for.

Defendant L. Cruncleton did not appeal, and is not complaining.

We overrule the plea of abatement or contention that appellee could not do business in Texas, and that it is denied the benefit of our courts to collect this debt. Caldwell v. North Carolina, 187 U. S. 622, 23 S. Ct. 229, 47 L. Ed. 336; Crisp v. Christian Moerlein Brewing Co. (Tex. Civ. App.) 212 S. W. 531; Caddell v. J. R. Watkins Medicine Co. (Tex. Civ. App.) 227 S. W. 226.

There is objection made to the testimony concerning proof of the amount due. The ledger sheet showing the amount was the book of original entry, a part of the books of the company, taken from its loose-leaf file and brought to the trial. It was kept by Mr. Herdegen, the auditor, and he testified that he knew it was correct. He was the auditor for the company, and testified on the trial: "This is the original ledger sheet taken from the Company's books." He testified that he made the bill of particulars attached to the pleadings, and that it was correct. It showed that Cruncleton owed the amount sued for. It may not have been the best proof, but it was the best proof at hand. It was introduced in connection with other testimony having styled upon it "Edinburg Settlement Sheet."

The ledger sheet introduced in evidence was taken from the ledger of plaintiff which was kept in Chicago, from which it appeared that defendant Cruncleton was indebted to it in the sum of $506.02, the amount sued for.

This is a county court case, and we think that the testimony introduced was sufficient to establish a prima facie case, and in the judgment justice has been administered; therefore the judgment is affirmed.