## NELSON v. DETROIT & SECURITY TRUST CO.

### No. 1399—6021.

Commission of Appeals of Texas, Section B.
Feb. 15, 1933.

Cofer & Cofer, of Austin, for plaintiff in error.

Templeton, Brooks, Napier & Brown, of San Antonio, for defendant in error.

LEDDY, Judge.

Defendant in error brought this suit in the district court of Bexar county against plaintiff ·in error to recover upon a promissory note executed by the latter in the state of Michigan; said note being payable to Henrietta Powers, a resident of that state.

Plaintiff in error, although duly cited, failed to answer, and judgment by default was rendered against him for the principal of the note, interest, and attorney's fees.

Plaintiff in error sued out and duly perfected a writ of error to the Court of Civil Appeals for the Fourth District where the judgment of the trial court was affirmed, 38 S.W.(2d) 360.

He now complains that the judgment by default rendered against him is void for the following reasons:

(1) Because the citation served upon him will not support a judgment by default, in that it describes defendant in error as "administrator with the will annexed of the estate of Henrietta Powers, deceased," while the judgment by default was in favor of the Detroit & Security Trust Company "executor of the estate of Henrietta Powers, deceased."

(2) Because there is a fatal variance between the original petition and the citation; it appearing from the petition that defendant in error is the executor of the estate of Henrietta Powers, deceased, while the citation shows it to be the administrator with the will annexed of said estate.

(3) Because it appears from the petition that the defendant in error was appointed administrator with the will annexed of the estate of Henrietta Powers, deceased, by the probate court of Bexar county, and said court was not authorized to make such appointment, as the allegations of the petition show that there is an executor duly acting and qualified in the state of Michigan of said will and estate.

(4) Because it was neither alleged in the petition nor proven upon the trial that defendant in error, Detroit & Security Trust Company, a foreign corporation, had complied with the statutes of the state of Texas relating to and permitting foreign corporations to act as executors in Texas; and, in the absence of such authority, it is not permitted to act as executor in Texas or to pursue or transact any business as executor in this state.

(5) Because it appears from the petition that the "Security Trust Company" is the executor in the state of Michigan of the estate of Henrietta Powers, deceased, and that the defendant in error, "Detroit & Security Trust Company," is another corporation, successor to and of the Security Trust Company, and that the said Detroit & Security Trust Company is not the executor of said will and estate of Henrietta Powers, deceased, and hence could not be legally appointed in Texas as such.

■ Plaintiff in error did not appear in the trial court and challenge by proper plea the capacity in which defendant in error was acting in instituting and maintaining this suit. Under such circumstances, he is precluded from raising such question for the first time on appeal. Article 2010, subds. 2 and 3, R. S. 1925. Casey v. Ry. Co. (Tex. Civ. App.) 151 S. W. 856; Davis v. White (Tex. Civ. App.) 207 S. W. 679; Dolson v. DeGanahl, 70 Tex. 620, 8 S. W. 321; Kaack v. Stanton, 51 Tex. Civ. App. 495, 112 S. W. 702, 706; Young v. Meredith, 38 Tex. Civ. App. 59, 85 S. W. 32.

It is true that defendant in error's petition designated itself as "Administrator, with the will annexed of the estate of Henrietta Powers, deceased." However, said petition contained the additional allegation that defendant in error was "the duly qualified and acting executor in the State of Michigan of the estate of Henrietta Powers, deceased, made such under the terms of her last will and testament, and the order admitting the same to probate in the Probate Court of Wayne County Michigan, and holds ancillary letters and powers of administration over the estate in Texas under the probate of said will by the Probate Court of Bexar County, Texas, as prescribed by law; that as such it is the duly qualified and acting representative of the estate of Henrietta Powers, deceased, in the State of Texas."

■■ The citation was not void. The petition on file in this case alleged in general terms a full compliance with the laws of the state authorizing it to maintain a suit in our courts as the legal representative of the estate of Henrietta Powers, deceased. The citation was sufficient to bring the defendant into court, and, as he failed to take exception to such citation at the proper time, he will not now be heard to complain. Crain v. Griffis, 14 Tex. 358.

■■ Nor do we think there is any merit in the contention that the allegations of the petition are insufficient to support the judgment rendered in this case. The mere fact that in one portion of the petition defendant in error designated itself as administrator with the will annexed of the estate of Henrietta Powers, deceased, did not render void the judgment in its favor as executor of said estate. As heretofore shown, the petition upon which the judgment was based contained an allegation that the foreign will had been duly probated in the state of Texas as prescribed by the laws of this state. While this allegation was in general terms, it was

sufficient to admit proof to show that defendant in error was duly qualified under the laws of this state to bring this suit as the legal representative of the estate of Henrietta Powers, deceased.

Upon the trial, defendant in error offered in evidence the order of the probate court of Bexar county admitting to probate and record the last will of Henrietta Powers, deceased. The order contained this provision: "And it is further ordered, adjudged and decreed that ancillary letters of administration be granted upon said estate to the Security Trust Company applicant herein." The entry by the probate court of Bexar county of the judgment probating the will under the statute created defendant in error the legal representative of the estate of Henrietta Powers, deceased. The fact that said order erroneously specified that letters of administration were granted instead of letters testamentary would not operate to prevent defendant in error from exercising the powers granted by the statute to a foreign executor when a foreign will has been duly probated in accordance with the provisions of the statutes of this state (Rev. St. 1925, art. 8301 et seq.). It is the admission of the will to probate which clothes the applicant with the power granted in the statute, and not merely the title by which he may be designated by the court.

The judgment by default is not void because it is in favor of the Detroit & Security Trust Company instead of the Security Trust Company. The order of the probate court shows that the Security Trust Company, a foreign corporation, was created the legal representative of said estate by the probate court of Bexar county. The allegations of defendant in error's petition show that the Detroit & Security Trust Company and the Security Trust Company is one and the same corporation; that it was formerly named and styled the Security Trust Company, but that its name had been changed to the Detroit & Security Trust Company. The mere change of name has no effect whatever upon the identity of a corporation, or upon its property rights or liabilities. 14 C. J. p. 321. The Detroit & Security Trust Company was in law the same corporation which was appointed as the legal representative of the estate of Henrietta Powers, deceased.

When a corporation whose name has been changed brings a suit in its new name to enforce rights accruing prior to such change, the only effect is to cast the burden upon it to allege and prove that there has been no variance in corporate identity. This requirement was fully met by the averments in defendant in error's petition.

Finally, it is insisted that defendant in error was not authorized to bring this suit because it failed to allege and prove that it had complied with the statutes of this state (Rev. St. 1925, art. 1529 et seq.) requiring a foreign corporation desiring to transact business in this state to obtain a permit. A permit to do business is only required when a foreign corporation desires to transact in this state the business authorized by its charter. The cause of action involved in this suit did not arise or grow out of the transaction of any business in this state by defendant in error. Under the rule of comity prevailing between states it was privileged, without obtaining a permit to do business, to use our courts to enforce an obligation made and to be performed in the state of its domicile. Cruncleton v. Chicago Portrait Co. (Tex. Civ. App.) 16 S.W.(2d) 851; Crisp v. Christian Moerlein Brewing Company (Tex. Civ. App.) 212 S. W. 531; Lee v. Galena-Signal Oil Co. (Tex. Civ. App.) 8 S.W.(2d) 1051; O. J. 14A; § 3983, and authorities there cited.

It has been rightly held that the bringing of an action by a foreign corporation to collect a debt contracted in another state does not constitute doing business within the meaning of the statutory provisions prohibiting such corporations from doing business without complying with the conditions prescribed by such statutes. Security Company v. Panhandle National Bank, 93 Tex. 575, 57 S. W. 22; Texas Land Co. v. Worsham, 76 Tex. 556, 13 S. W. 384; Cooper v. Ft. Smith, etc., R. R. Co., 23 Okl. 139, 99 P. 785; Creteau v. Foote, etc., Glass Co., 40 App. Div. 215, 57 N. Y. S. 1103.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals is affirmed.