## PIERCE et ux. v. BAKER.

### No. 2039.

Court of Civil Appeals of Texas. Eastland.
Sept. 20, 1940.

Rehearing Denied Oct. 18, 1940.

H. F. Grindstaff and Smith & Smith, all of Anson, for appellants.

Joseph A. Chandler, of Stephenville, W. O. Gross, of Mineral Wells, and Woodruff & Holloway, of Brownwood, for appellee.

GRISSOM, Justice.

Roy Baker, administrator of the estate of Texas Rector, deceased, filed suit in trespass to try title to 530 acres of land in Palo Pinto County against Eugene Pierce and wife. Boyd Hart and others, who, together with Mrs. Pierce, are the heirs at law of Texas Rector, deceased, were also made parties defendant. The defendants, other than the Pierces, adopted the allegations of plaintiff's petition and, in effect, became parties plaintiff.

The Pierces answered by plea of not guilty and general denial. They admitted the qualification of Baker as administrator of the estate of Texas Rector, deceased, on December 6, 1937; they further alleged that Texas Rector was formerly the owner of the land but that in 1932 she made a parol gift of the land to Eugene Pierce. By cross-action the Pierces alleged that Eugene Pierce was the owner of the land and prayed that the title thereto in said defendant be quieted. The parties, other than Baker and Eugene Pierce and the husbands of some of the parties, were the heirs at law of Texas Rector, deceased.

This is not disputed. Baker sought recovery of the land solely as administrator. The record discloses that Baker, as administrator, was entitled to recover as a matter of law unless Mrs. Rector had given the land to Pierce. This was the only question in dispute relative to the title to the land.

The jury found that Mrs. Rector did not give her property to Eugene Pierce. It further found that the rental value of the property for 1938 was $10, and the value of the gasoline taken from the premises by Eugene Pierce since the death of Mrs. Rector was $10.

The court rendered judgment awarding to the administrator title to and possession of said land, and judgment against Eugene Pierce for $20. (The judgment further recited that it was without prejudice to any of the rights of the defendants as heirs at law of Texas Rector, deceased, and without prejudice to the rights of Baker to administer the estate under direction of the probate court.) From this judgment Eugene Pierce and wife have appealed.

■ Appellants contend they were entitled to an instructed verdict because plaintiff failed either to connect himself, as administrator, with a complete chain of title from the sovereignty of the soil, or to establish a common source of title. It is true plaintiff did not prove a complete chain of title from the State down to himself as administrator, but it is evident plaintiff and defendant Pierce claim title from a common source, to-wit, Texas Rector. Plaintiff claimed title to the land in controversy solely as her duly appointed and qualified administrator. (His appointment and qualification as such was established by the undisputed evidence and admitted by appellants' pleading.) Pierce asserted title from Texas Rector by virtue of a parol gift from her to him. Pierce alleged Texas Rector was the owner of the land prior to the time that she gave it to him. As heretofore stated, the only issue relative to title was whether or not Texas Rector did in fact give the land to Pierce. This was a disputed issue which the jury resolved against appellants.

The court did not err in overruling appellants' motions for an instructed verdict and for judgment notwithstanding the verdict. Luckel v. Sessums, Tex.Civ.App., 71 S.W.2d 579, 580; Brown v. Shaffer, Tex.Civ.App., 78 S.W.2d 1054, writ dismissed; Organ v. Maxwell, Tex.Civ.App., 140 S.W. 255, writ refused; Tinsley v.

Magnolia Park Co., Tex.Civ.App., 59 S.W. 629, writ refused; Caplen v. Drew, 54 Tex. 493; Keys v. Mason, 44 Tex. 140, 142; Robinson v. Randell, Tex.Civ.App., 211 S. W. 625, writ refused; Dean v. Grogan-Cochran Lumber Co., Tex.Civ.App., 58 S. W.2d 552; House v. Reavis, 89 Tex. 626, 35 S.W. 1063.

Appellants' first assignment of error is that the court erred in overruling appellants' motion for an instructed verdict. Appellants contend they were entitled to an instructed verdict because (A) Baker, as administrator, failed to show his authority to prosecute the suit, and failed to establish a cause of action, in that, (1) plaintiff failed to show that the next of kin to deceased had waived their prior right to be appointed administrator; (2) because plaintiff failed to introduce in evidence his application for appointment as administrator; and (3) failed to prove he had filed an inventory and appraisement.

■ Appellants did not deny under oath the authority of Baker to sue as administrator, and they are precluded from raising the question for the first time on appeal. Art. 2010, R.S. 1925; Nelson v. Detroit & Security Trust Co., Tex.Com.App., 56 S. W.2d 860, 861; Schlottmann v. Wiese, Tex. Civ.App., 86 S.W.2d 44, 49; Balfour v. Collins, 119 Tex. 122, 128, 25 S.W.2d 804; Grundy v. Broome, Tex.Civ.App., 90 S. W.2d 939, 942.

■ In the absence of a verified denial that plaintiff did not have legal capacity to sue, or was not entitled to recover in the capacity in which he sued, such facts not appearing from plaintiff's pleading, proof thereof was not required. Art. 2010; Dolsen v. De Ganahl, 70 Tex. 620, 8 S.W. 321. However, plaintiff did allege his appointment and qualification as administrator and appellants, in their answer, admitted plaintiff's qualification as administrator. Furthermore, plaintiff introduced in evidence the order of the probate court appointing him administrator as well as his oath and bond as such. This certainly constituted proof of Baker's appointment and qualification. Young v. Meredith, 38 Tex.Civ.App. 59, 85 S.W. 32, writ refused. Article 3357, R.S. 1925, provides the order in which persons are entitled to appointment as administrator of an estate. Under said statute the "next of kin" of deceased were entitled to priority over Baker in securing appointment as administrator, if they did not waive such right.

However, we are of the opinion that failure to prove that the next of kin had waived such right, if they did, does not have the effect attributed to it by appellants. They apparently rely strongly upon the case of Templeton v. Falls Land & Cattle Co., 77 Tex. 55, 13 S.W. 964. The petition in that case showed the administrator was not "next of kin." That decision was based upon a statute which expressly prohibited the appointment of an administrator for foreign soldiers who died in defense of Texas, other than deceased's "next of kin", unless such administrator produced "authority from the heirs or next of kin of such deceased soldier, authorizing him to take administration * * *." Paschal's Ann. Digest, Art. 1398. Said statute and decision are not applicable here.

■ There is another reason why appellants' contention can not be sustained. The judgment of the probate court appointing Baker administrator does not disclose its invalidity. It is not subject to collateral attack as is here attempted. Rogers v. Kennard, 54 Tex. 30, 34; Murchison v. White, 54 Tex. 78, 84; Gulf, C. & S. F. Ry. Co. v. Beezley, Tex.Civ.App., 153 S.W. 651, 652, writ refused; Rogers v. Tompkins Tex.Civ.App., 87 S.W. 379, 382, writ refused; Mills v. Herndon, 77 Tex. 89, 13 S. W. 854; Becknal v. Becknal, Tex.Civ.App., 296 S.W. 917, 919; Reed v. Harlan, Tex. Civ.App., 103 S.W.2d 236, 240, writ refused.

Appellants complain of the action of the court in permitting plaintiff, during the trial, to interline the following italicized words in the second paragraph of the first count of his trial petition, as follows: "That on said day aforementioned, plaintiff as such administrator was in *and was entitled to* possession of such lands and premises and afterwards on the 1st day of January, 1938, the defendants Eugene Pierce and Mrs. Eugene Pierce unlawfully entered upon and dispossessed him of such premises and unlawfully withheld from him as such administrator the possession thereof."

The "day aforementioned" in the above quoted paragraph obviously referred to December 20, 1937, previously mentioned in paragraph 1 of the same count in which plaintiff alleged the following: "On the 20th day of December, 1937, plaintiff was the duly appointed, legally qualified and acting administrator of the estate of Mrs. Texas Rector, deceased, having been ap-

pointed as such administrator by the county court of Palo Pinto County, Texas, sitting in matters of probate on the 6th day of December, 1937, and having had letters of administration issued to him in such matter on the 20th day of December, 1937, and as such administrator he was on said date the owner in fee simple and entitled to the possession of the following described lands and premises situated in the county of. Palo Pinto."

■ Similar allegations are found in paragraph 4 of the second count of plaintiff's petition. Neither surprise nor injury is claimed or shown. The interlineation appears to have been unnecessary and immaterial. The court had authority to permit a trial amendment. To amend by interlineation was merely an irregularity which should not be permitted to destroy the judgment in the absence of injury to appellants. Leifeste v. Stokes, Tex.Civ.App., 45 S.W.2d 1006; American Rio Grande Land & Irr. Co. v. Barker, Tex.Civ.App., 268 S.W. 506; Brenan v. Eubank, Tex. Civ.App., 56 S.W.2d 513; Ortiz v. Navarro, 10 Tex.Civ.App. 195, 30 S.W. 581, writ refused; 33 Tex.Jur. 525.

■ Appellants' eighth assignment of error is that the court erred in refusing to permit defendant Pierce to tell the jury why he claimed the land. The proposition and statement thereunder do not support the assignment. It is not shown, as asserted in the assignment, that the court refused to permit Pierce to testify why he claimed the land. Plaintiff having called defendant Eugene Pierce to the witness stand asked: "Didn't you tell Judge Corrigan about December, 1937, that you had a claim against this estate for taking care of Mrs. Rector during the last year or two of her life?" Said witness answered: "I told him that she gave it to me." On plaintiff's motion the court withdrew such answer from the consideration of the jury because it was not responsive to the question asked. If the question is presented we are of the opinion the answer was not responsive. Lynch Davidson & Co. v. Denman Lumber Co., Tex.Civ.App., 272 S.W. 803, 806; Minor v. Lumpkin, Tex.Civ.App., 53 S.W. 365, 366; 44 Tex.Jur. 1105.

We have carefully considered all of appellants' contentions. We think reversible error is not shown. The judgment is affirmed.