M. M. TEMPLETON V, FALLS LAND AND CATTLE COMPANY ET AL.
No. 6371.

1.  **Presumptions in Probate Proceedings.**—When the record of an adminis-
tration discloses the fact that the court, in the exercise of its jurisdiction over the sub-
ject matter, has transcended the limits prescribed by law, the presumption of regularity
and of jurisdiction is repelled and no order made therein affords protection to a pur-
chaser.

2.  **Estate of Deceased Soldier of the Texas Revolution.**—By the provisions
of the Act of January 14, 1841 (Pasch. Dig., art. 1398), administration was prohibited
upon the estates of certain deceased soldiers to any person not showing himself entitled
to the same as next of kin, or producing authority from the next of kin authorizing
the administration.  An application was made for letters of administration in June,
1851.  The record showed the intestate fell at Goliad, March, 1836.  No debts were
shown to exist against the deceased, who was a transient person having no domicile in
the State.  *Held,* that such administration was without authority of law and void, and
that a purchaser at a sale made by such administrator took no title.

APPEAL from Wichita.  Tried below before Hon. P. M. Stine.
The opinion states the case.

*William W. Flood,* for appellant.—1.  The Probate Courts of Texas
have general cognizance of the estates of decedents, and in that sphere
are courts of general jurisdiction, and the orders and decrees made in
reference to estates being administered by them are entitled to the same
presumption of verity when called in question in any collateral action at-
tacking their validity as the judgments of any other court of record of
general jurisdiction.  Pasch. Dig., art. 1260; Guilford v. Love, 49 Texas,
715; Williams v. Ball, 52 Texas, 603; Murchison v. White, 54 Texas, 78.

2.  The jurisdiction of the Probate Court of Harris County having
been invoked in the matter of the estate of William Mayer, and the court
having assumed and exercised jurisdiction over this estate, and this being
within the ordinary scope of its authority, even if its proceedings did
not show all the facts necessary to have given it jurisdiction, and even if
the record be silent as to some of those facts, yet its orders and decrees
in that connection are entitled to such absolute verity that the presump-
tion will be indulged, and is conclusive in a collateral attack when not
contradicted by the record itself, that all the facts did exist which were
necessary to bring the jurisdiction of the court into exercise.  Pasch.
Dig., art. 1260; Murchison v. White, 54 Texas, 78; Fitch v. Boyer, 51
Texas, 336.

3.  The bounty warrant by virtue of which the land in question was
located was assets in the hands of the administrator, and as such was sub-
ject of sale under the orders of the Probate Court.  Rogers v. Kennard,
54 Texas, 30; McNally v. Haynes, 59 Texas, 583.

*Robert E. Huff,* for appellees. — 1.  When the record of an administra-

tion proceeding shows it is opened at a time when all debts are clearly barred by limitations and the record disclosed no debts, such administra-tion is absolutely void, and more especially if the record discloses that the court acted on many other different estates at the same time in the same orders and without separate consideration of the merits of each case. Blair v. Cisneros, 10 Texas, 46; Wardrup v. Jones, 23 Texas, 494, 495; Withers v. Patterson, 27 Texas, 492; McMahan v. Rice, 16 Texas, 338, 339; Duncan v. Veal, 49 Texas, 610; Merriwether v. Kennard, 41 Texas, 277; Murchison v. White, 54 Texas, 82; McNally v. Haynes, 59 Texas, 585.

2.   When the record of an administration shows on its face that the intestate was a transient person and died in another county, and that he had no property in the county in which administration is opened, and the petition for sale shows no debts and that the sale is asked for only that the costs of administration may be paid, such administration is void and a purchaser thereunder takes no title.   Hearn v. Camp, 18 Texas, 551; Martin v. Robinson, 67 Texas, 375, 379.

3.   The purchaser of a land certificate at administrator's sale is charge-able with notice of any fact which shows want of jurisdiction in the court to act, and is also chargeable with notice of the recitals in the certificate which he buys, and any subsequent purchaser takes with notice of these defects in title through which he claims.   Withers v. Patterson, 27 Texas, 496; McNally v. Haynes, 58 Texas, 585; Delespine v. Campbell, 52 Texas, 4; Renick v. Dawson, 55 Texas, 102; Dean v. Hudson, Posey's U. C., 365; Chinn v. Taylor, 64 Texas, 385; Traylor v. Townsend, 61 Texas, 144; Caruth v. Grigsby, 57 Texas, 259; Harrison v. Boring, 44 Texas, 256; Willis & Bro. v. Gay, 48 Texas, 469.

HOBBY, Judge.—If any rights accrue to a purchaser in good faith at a probate sale made under a grant of administration void for want of juris-diction, none unquestionably can be acquired by virtue of a sale under an administration obtained in the face of statutory prohibition, and also in such manner as in law is deemed fraudulent, and of which facts it may be added the purchaser had, as in this case, actual notice.

The title of the appellant—the plaintiff in the lower court—to the land involved in this action depends wholly upon the validity of the adminis-tration upon the estate of one William Mayer, obtained in Harris County by one J. H. Woodward, in 1851, and under which administration a sale was made of the bounty warrant issued by the Adjutant-General to said Mayer, at which sale W. R. Baker, the clerk of the court, became the purchaser.   On January 22, 1886, Baker conveyed by quit claim deed the land to appellant, and also by general warranty deed since the insti-tution of the suit.   Defendants, appellees, claimed by virtue of various transfers reaching back to parties who claimed to be the heirs of William Mayer.   Appellant attacked some of the remoter deeds as forgeries; but

as no decree was entered vesting title in defendants, it is unnecessary to discuss their title.

No doubt has ever been entertained by the courts of this State of the correctness of the rule, well expressed in the thoroughly considered case of Martin v. Robinson, 67 Texas, 374, to the effect "that when a court of record having jurisdiction of the subject has assumed to exercise it in a given case, all presumptions are in favor of the validity of its proceedings; and if the record of such court shows that the necessary steps to clothe it with power to act in the given case were taken, or if the record be silent upon this subject, then its judgment must be held conclusive in any other court of the same sovereignty when collaterally called in question." This rule has been, we believe, uniformly recognized in its application to probate proceedings.

It is also a well established rule in this connection that when the record of an administration proceeding discloses the fact that the court in the exercise of its jurisdiction over the subject matter has transcended the limits prescribed, the presumption is repelled, and no order made therein affords protection to a purchaser. In other words, no presumption will be indulged to support the jurisdiction or the regularity of the proceedings when the records repel such presumption.

The record in the case before us discloses that the administration upon the estate of William Mayer was forbidden by the law then in force. The certificate or bounty warrant No. 976 was issued by the Adjutant-General on September 2, 1851. It is for 1920 acres of land, and recites that it was issued to said Mayer for "having served faithfully," etc., "in the army of the Republic of Texas, and having been massacred with Fannin at Goliad." He was therefore necessarily a member of the Georgia battalion. By the provisions of the Act of January 14, 1841 (Pasch. Dig., art. 1398), administration was prohibited upon the estate of such deceased soldier unless the person applying was next of kin or produced authority from the heirs or next of kin of such deceased soldier authorizing him to take out letters of administration. It is not pretended that this was done. On the contrary, the petition shows that it was not. The petition for letters was addressed to the Probate Court of Harris County. It recited that "one William Mayer died in Texas several years since intestate; that said decedent was a transient person, and had no permanent domicile in Texas; that he was entitled to land and pay from the government of Texas; that in order to make the same available and to demand and collect the same it will be necessary that an administrator be appointed; that there are no kindred of said decedent known to your petitioner in Texas; that he has been requested to open said estate," etc. The inventory filed showed that the property consisted of the bounty warrant mentioned.

The foregoing application is in all of its features similar to that re-

ported in the case of Hearn v. Camp, 18 Texas, 547, which was filed in the same county, to obtain letters upon the estate of Daniel Tyler, and with reference to which Chief Justice Hemphill said: "The County Court of Harris County clearly had no jurisdiction over the estate. The deceased had no property except in the county of Grimes, and if he was a transient person administration should have been taken out in the county in which he died or in which was his principal property."

The record shows that Mayer perished at Goliad in March, 1836. Administration was procured on his estate in June, 1851, more than fifteen years subsequent to his death. It was therefore began at a time when evidently all debts of the deceased were barred by limitation, and none were shown to exist. A similar grant obtained a shorter period of time after the death of the intestate was held to be without authority of law. Wardrup v. Jones, 23 Texas, 494. There was no necessity to obtain administration upon Mayer's estate to enforce his claim for pay due him from the government. The claim could have been enforced by his heirs.

Discussing the validity of an administration in most of its features similar to this, it was said by Justice Moore, in Duncan v. Veal, 49 Texas, 610, "that in the absence of averment and proof of some special necessity for the grant of letters  *  *  *  it must be presumed that there was no occasion for it at the date of De C.'s application." In the case cited, as in this, the intestate fell with "Fannin at Goliad in 1836," and application was made to open administration on his estate. "Without clear proof," the court say, "to the contrary, it should be presumed that there were no debts by or to said intestate, or necessity for an administration upon his estate after so great a lapse of time from his death." The lapse of time in the present case is greater.

The language of other parts of the opinion in the case last cited seems to be peculiarly applicable to the present; but a further discussion of this question we think unnecessary. The administration upon Mayer's estate comes clearly within that class of administrations which our Supreme Court has in numerous cases held to be invalid. Hearn v. Camp, *supra;* Duncan v. Veal, 49 Texas, 603; Blair v. Cisneros, 10 Texas, 46; McMahan v. Rice, 16 Texas, 337; Wardrup v. Jones, 23 Texas, 494; Withers v. Patterson, 27 Texas, 492; Martin v. Robinson, 67 Texas, 379.

It also appears from the depositions of Erichson, the clerk of the County Court of Harris County, that Woodward was the administrator of about eighteen other estates in the Probate Court of that county at that time, and that the court acted upon the estates together, Mayer's being one of them.

We are of opinion that the administration upon the estate of Mayer was a nullity; that the records of the Probate Court disclose the fact that it was without jurisdiction; that the purchaser at the sale of the certificate

took no title thereto, and was charged with notice of the fact that the court had no jurisdiction.

We think the judgment should be affirmed.

*Affirmed.*

Adopted April 22, 1890.