## DE ARMENT v. DE ARMENT.    (No. 6901.)

(Court of Civil Appeals of Texas. San Antonio. March 7, 1923. Rehearing Denied April 11, 1923.)

**1. Divorce &xlarr;91 — Allegation as to twelve months' residence in state held insufficient.**

An allegation in a petition that plaintiff is a bona fide inhabitant of the ·state, and has resided in the county in which the action is brought for more than six months next preceding the filing of the suit, is an insufficient allegation as to the twelve months' residence in the , state required by statute.

**2. Judgment &xlarr;470—Jurisdiction of court to render presumed until contrary shown.**

The. law will·presume that a domestic court of general jurisdiction had power to make a judgment rendered by it until the contrary is shown by the record, and such judgment can be attacked only in a direct proceeding wherein proof may be introduced to show lack of jurisdiction.

**3. Judgment &xlarr;489—Where lack of jurisdiction appears from record, judgment subject to collateral attack.**

The presumption of jurisdiction to render a judgment is destroyed where the record discloses that the court transcended its jurisdiction, and such a judgment is subject to collateral attack in another proceeding.

**4. Divorce &xlarr;167—Showing held insufficient to warrant setting aside divorce decree.**

In an action to set aside a default divorce decree on the ground that the petition did not state facts over which the court had jurisdiction, the burden of proof was upon plaintiff to show facts destroying the presumption in favor of the validity of the judgment, and, where the record did not show that the petition was the only pleading filed and the lower court re-

---

cited that all necessary jurisdictional allegations were made by plaintiff, a judgment for defendant was warranted.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by Minnie De Arment against R. S. De Arment to set aside a divorce decree. From a judgment for defendant, plaintiff appeals. Affirmed.

W. C. Linden, of San Antonio, for appellant.

Norton & Brown, of San Antonio, for appellee.

FLY, C. J. This is an action instituted by appellant against appellee to set aside a decree of divorce between him and appellant rendered on October 7, 1920. The grounds for the attack on the judgment were that it was falsely alleged in the petition, in that suit, that appellant had abandoned appellee, and the divorce was procured on false testimony; that the judgment of divorce was void because the petition did not allege that appellee was an actual bona fide inhabitant of the state of Texas for twelve months prior to filing the suit and a resident citizen of Bexar county for six months; and that appellant was not served with citation in the cause. The court heard the evidence and rendered judgment that appellant take nothing by her suit, and also that appellee take nothing by his cross-bill for a divorce.

[1] No pleadings from the original suit were introduced in evidence except the original petition, and there was no allegation or proof that the petition was the only pleading filed in such suit. The allegation in the petition as to residence was:

"That plaintiff is a bona fide inhabitant of the state of Texas and has resided in Bexar county, in said state, for more than six months next preceding the filing of the suit."

This was not a sufficient allegation as to twelve months' residence in the state as required by statute. Gallagher v. Gallagher (Tex. Civ. App.) 214 S. W. 516; Motes v. Motes (Tex. Civ. App.) 229 S. W. 342; Landers v. Landers (Tex. Civ. App.) 220 S. W. 359. Appellant states in her brief that no other pleadings were filed in the original suit except the original petition which was introduced in evidence in this suit. The statement of facts fails to show that no other pleadings were filed in the original suit. There is no testimony indicating that no other pleadings were filed, and the judge of the same court that granted the divorce finds

249 S.W.—69

as a fact that "all necessary jurisdictional allegations were made by the plaintiff." It is true that the original cause was tried before a different judge of the same court, and there is no testimony in the record showing affirmatively that there were other pleadings; still the court was authorized to presume that the judge presiding at the original trial had followed the cited case of Gallagher v. Gallagher, which was a case appealed from the same court and which was decided more than a year before the original judgment was rendered.

[2, 3] The general rule is that the law will presume that a domestic court of general jurisdiction had power to make the judgment rendered by it until the contrary is shown by the record. Martin v. Robinson, 67 Tex. 374, 3 S. W. 550; Templeton v. Falls Land Co., 77 Tex. 55, 13 S. W. 964. And it is also the rule that when the record discloses the fact that the court has transcended its jurisdiction, the presumption is destroyed; that is, no presumption will be indulged to support jurisdiction when the records repel the presumption. The sum and substance of the rule in direct and collateral attacks is that no collateral attack will be permitted unless the record affirmatively shows on its face that the court did not have jurisdiction, but in a direct attack proof may be introduced to show that the court did not have jurisdiction. The original judgment showed from its recitals that the court had jurisdiction of the subject-matter, and it is attacked on the ground that the petition did not state a cause over which the court had jurisdiction.

[4] The judgment was one of which the court had jurisdiction, there was no allegation that no pleadings were filed by the plaintiff in the case except the original petition, and the proof did not show that no other pleadings were filed in the case. The burden of proof was upon appellant when she sought to destroy the judgment, and she should have shown facts which would have destroyed the presumption in favor of the validity of the judgment.

"The jurisdiction of a court means the power or authority which is conferred upon a court, by the Constitution and laws, to hear and determine causes between parties, and to carry its judgments into effect. It is a plain proposition, that a court has no power to do anything which is not authorized by law. * * * Whatever the statute authorizes the court to do, it may rightfully do." Withers v. Patterson, 27 Tex. 491, 86 Am. Dec. 643.

Appellant was properly cited.

The judgment is affirmed.