In the Matter of the ESTATE OF George BLACKBURN, Deceased.

**John BLACKBURN, Appellant,**

v.

**Sue FAULKINBURY, Appellee.**

No. 8445.

Court of Civil Appeals of Texas, Texarkana.

June 21, 1977.

Rehearing Denied Aug. 9, 1977.

Paul W. Anderson, Richard M. Anderson, Anderson & Anderson, Marshall, for appellant.

Ruben K. Abney, Marshall, for appellee.

CORNELIUS, Justice.

Appellant has appealed from an order which revoked his previous appointment as administrator of the Estate of George Blackburn and appointed him temporary administrator pending the determination of an application to probate an alleged will of the deceased.

On May 5, 1976, appellant made application for appointment as administrator of the Estate of George Blackburn, Deceased, alleging that as far as could be determined the deceased left no will. Citation on the application was issued and the hearing set for May 17, 1976. Prior to the date set for the hearing, appellee filed an application to admit to probate a writing alleged to constitute the last will and testament of George Blackburn. Citation on that application was issued and the hearing set thereon for May 24, 1976. On May 17, 1976, without expressly acting on the application

for probate of the will, the County Court of Harrison County entered its order appointing appellant administrator of the estate and he duly qualified. On May 20, 1976, appellant filed a contest of the appellee's application to probate the will. On May 24, 1976, appellee filed a motion to set aside or revoke the order of May 17 which had appointed appellant administrator and to appoint a temporary administrator pending the determination of the will contest. On May 27, 1976, appellant moved that the entire proceedings be transferred to the District Court pursuant to the provisions of Tex.Prob.Code Ann. Sec. 5(b) (Supp.1976–1977),[1] and on the same day the transfer was made. The district court set appellee's motion to revoke appellant's appointment for a hearing, and on August 2, 1976, entered an order setting aside the May 17 order which had appointed appellant administrator and appointed appellant temporary administrator pending determination of the contested application to probate the alleged will. As far as the record before us reveals, no further proceedings have transpired with reference to this controversy except that on August 2, 1976, the court denied a motion for summary judgment filed by appellant.

Appellant contends that, as the May 17 order of the county court appointing him administrator was a final appealable order and no appeal was taken therefrom, the district court had no power to set it aside absent pleadings and proof showing it to be void. Appellee contends that, because Tex. Prob.Code Ann. Sec. 83(a)[2] requires that

---

1. "§ 5. Jurisdiction of District Court and Other Courts of Record With Respect to Probate Proceedings and Appeals from Probate Orders

   · · · · ·

   (b) In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate, administrations, guardianships, and mental illness matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion, or shall on the motion of any party to the proceeding transfer such proceeding to the district

court, which may then hear such proceeding as if originally filed in such court. . . ."

2. "§ 83. Procedure Pertaining to a Second Application

   (a) Where Original Application Has Not Been Heard. If, after an application for the probate of a will or for the appointment of a general personal representative has been filed, and before such application has been heard, an application for the probate of a will of the decedent, not theretofore presented for probate, is filed, the court shall hear both applications together and determine what instrument, if any, should be admitted to probate, or whether the decedent died intestate."

when an application to probate a will is filed prior to action being taken upon a previously filed application for administration the court must hear said applications together, the county court's action appointing appellant administrator at a time when the application to probate the will was pending was premature and erroneous, and the district court properly set it aside.

Some orders and decrees in probate proceedings, despite the fact that they are final for the purpose of appealability, are nevertheless expressly made revocable upon the occurrence of certain events. We believe the situation which faced the district court in this controversy, although not coming within the exact literal language of the provisions, was within the intent and is governed by Tex.Prob.Code Ann. Sec. 220 (Supp.1976–1977) and Sec. 83(c). Section 220 provides in part as follows:

". . .

(e) When Will Is Discovered After Administration Granted. If it is discovered after letters of administration have been issued that the deceased left a lawful will, the letters shall be revoked and proper letters issued to the person or persons entitled thereto."

Section 83(c) provides in part as follows:

"(c) Where Letters Of Administration Have Been Granted. Whenever letters of administration shall have been granted upon an estate, and it shall afterwards be discovered that the deceased left a lawful will, such will may be proved in the manner provided for the proof of wills; and, if an executor is named . . . the letters previously granted shall be revoked; but, if no such executor be named . . . then administration with the will annexed of the estate of such testator shall be granted as in other cases. . . ."

Although Sections 220 and 83(c) grant the court power to revoke a previously entered order appointing an administrator, and to order a will probated or make such other order as may be proper, they do not specify the procedure to be followed when the will sought to be probated is contested. The general procedure in such cases is for the trial court to appoint, pending the determination of the will contest, a temporary administrator with limited powers as dictated by the circumstances. Tex. Prob.Code Ann. Sec. 132(a); 17 Woodward and Smith, Probate and Decedent's Estates, Sec. 461. That is what the district court did in this case and there was no error in doing so.

Appellant urges that, as appellee's application to probate the will was on file when the county court entered its order of May 17 appointing him administrator, it must be presumed that such order, by necessary implication, denied appellee's application to probate the alleged will. The general rule is that, where a claim is not expressly disposed of by a judgment even though it has been properly put in issue by the pleadings, the judgment will be considered to have denied such claim. *Vance v. Wilson*, 382 S.W.2d 107 (Tex.1964). But such a presumption is wholly unwarranted in this case. The record reveals that appellee's application to probate the will was not ripe for hearing or action at the time the county court entered its order appointing appellant administrator. Tex.Prob.Code Ann. Sec. 128 provides that ". . . No application for the probate of a will . . . shall be acted upon until service of citation has been made in the manner provided herein." Service on appellee's application was not completed until May 21, 1976, for a hearing on May 24, 1976. No presumption will be indulged to establish a judicial act or to support the regularity of judicial proceedings when the record itself reveals that the court was not authorized to act in the premises. *Templeton v. Falls Land & Cattle Co.*, 77 Tex. 55, 13 S.W. 964 (1890); 18 Tex.Jur.2d, Decedent's Estates, Sec. 66, p. 82. That it was not the intention of the May 17 order to deny appellee's application to probate the will is further confirmed, we think, by the fact that on May 20, three days after the entry of such order, appellant filed his pleading contesting the probate of the alleged will.

The order of the district court setting aside the appointment of appellant as administrator and appointing him temporary administrator pending a determination of the contested application to probate the will is affirmed.