SUN LIFE ASSURANCE COMPANY
OF CANADA

v.

Wallace P. CLYCE, Jr.

Civ. A. No. CA3–77–0609–F.

United States District Court,
N. D. Texas,
Dallas Division.

July 25, 1980.

D. Ronald Reneker and D. Woodard Glenn, Geary, Stahl & Spencer, Dallas, Tex.; for plaintiff.

Pat W. Davis, Bowles, Davis & Horton, Dallas, Tex., for defendant.

Stayton M. Bonner, Nelson, Sherrod, Bonner, Bridwell & Bloodworth, Wichita Falls, Tex., for intervenor.

## ORDER

ROBERT W. PORTER, District Judge.

Plaintiff in the above styled and numbered cause instituted this suit against De-

fendant to recover deficiencies due on six promissory notes executed by Defendant that were originally secured by deed of trust liens on six apartment complexes owned by Defendant. The defendant filed an answer in which it admits virtually all elements of Sun Life's claims but asserts various affirmative defenses and counterclaims. Plaintiff has filed motions for Partial Summary Judgment and to Strike Certain Defenses and Counterclaims, and the Court, having considered said motions and the arguments and documents submitted in regard thereto, makes its rulings as further set out below.

## I.

Sun Life has moved for partial summary judgment as to (1) Clyce's liability on the six promissory notes and (2) Clyce's defenses and counterclaims based on an alleged oral agreement between Clyce and Terry Deyoe, agent of Plaintiff, made subsequent to the notes.

A. Clyce is liable to Sun Life for the amounts due on the six promissory notes, plus reasonable attorney's fees, subject to any relief Clyce may establish by virtue of its defenses and counterclaims.

This aspect of the summary judgment motion shall not long detain the Court, for the Defendant has admitted, in either its answer or in its response to the motion for summary judgment, all of the following: Clyce executed and delivered the notes to Mortgage & Trust, Inc.; Clyce executed and delivered the deeds of trust to Mortgage & Trust, Inc.; Clyce defaulted on the notes in July, 1976; Sun Life is the owner and holder of the notes and deeds of trust; the Substitute Trustee gave all notices of foreclosure required by law; and the Substitute Trustee conducted a foreclosure sale with respect to the apartments in December, 1976, in which the apartments were sold to the highest bidder.

In light of the above, it is clear that there is no genuine issue of material fact as to the making of and defaulting on the notes by Clyce. Sun Life has established its prima facie case and is entitled to summary judgment as to Clyce's liability for the unpaid balances on the notes, plus attorney's fees pursuant to the contracts, subject to Clyce's affirmative defenses or counterclaims.

B. Clyce is precluded from asserting any defenses or counterclaims based on the alleged oral agreement not to foreclose made with Terry Deyoe, agent of Plaintiff, by virtue of the doctrine of res judicata or collateral estoppel.

In his answer and counterclaim, Clyce alleges, *inter alia*, that he entered into an oral agreement with Terry Deyoe, an officer and employee of Mortgage & Trust, Inc., Sun Life's servicing representative, under the terms of which Deyoe agreed on behalf of Mortgage & Trust, Inc. and Sun Life that no foreclosure sale would ever be held with respect to the apartments securing the notes. Clyce asserts that this agreement gives rise to the affirmative defenses of novation, estoppel, and waiver, and to the claims for damages for breach of contract, conversion and fraud.

Sun Life contends in its behalf that the existence and effect of the alleged oral contract not to foreclose between Clyce and Deyoe have been the subject of a final adjudication in state court, which, under Texas law, now constitutes a bar to the assertion of claims or defenses based on such alleged contract. Thus, Sun Life claims that it is entitled to summary judgment as to Clyce's defenses and counterclaims based on the alleged agreement not to foreclose.

It is a matter of record that on November 1, 1976, Clyce filed an application for a temporary restraining order, temporary injunction, and permanent injunction in the 95th District Court of Dallas County, Cause No. 76–11223–D, styled Wallace P. Clyce, Jr. vs. Mortgage & Trust, Inc., and William T. Bradshaw, Substitute Trustee, seeking to restrain the defendants from conducting foreclosure sales on the six apartment complexes which are the subject of the deeds of trust securing the promissory notes at issue in the present lawsuit. The District Court

entered an ex parte restraining order enjoining the sale of the property and setting a hearing on the Application for Temporary Injunction for November 5, 1976. On that day, the state court entered a judgment captioned "Agreed Order" dissolving the temporary restraining order, denying the temporary injunction and permanent injunction, taxing costs, and ordering that "the issue of defendants' damages, if any, shall not be determined at this time but is specifically deferred until a further hearing upon proper motion by either of the parties hereto".

The issue before this court is whether the aforementioned judgment entered by the state district court operates as res judicata or collateral estoppel to preclude Clyce from asserting any defense or counterclaim based on the alleged oral agreement with Terry Deyoe. As the only basis for the relief sought in state court, Clyce alleged that after his default on the notes he entered an oral contract with Deyoe in his capacity as officer and employee of Mortgage & Trust, Inc., under the terms of which Deyoe agreed that no foreclosure sale would be held on the apartment complexes securing the notes. Clyce further alleged that he had relied on this agreement to his detriment.

■ The doctrines of res judicata and collateral estoppel operate to bar the relitigation of issues that were actually determined by a previous court judgment. It is well settled in Texas that:

[A] question of fact or law distinctly put in issue and directly determined by a court of competent jurisdiction as a ground of recovery or defense in a suit or action between parties *sui juris* is conclusively settled by the final judgment or decree therein so that it cannot be further litigated in a subsequent suit between the same parties or their privies, whether the second suit be for the same or a different cause of action. *Hammonds v. Holmes*, 559 S.W.2d 345, 346 (Tex.1977): *Gareis v. Gordon*, 243 S.W.2d 259, 260 (Tex.Civ.App.—Galveston, 1951, no writ) [both quoting from *State of*

*Oklahoma v. State of Texas*, 256 U.S. 70, 85, 41 S.Ct. 420, 422, 65 L.Ed. 831 (1921)]. The parties to the present suit do not dispute that they were in privity in the former action and that the state court had jurisdiction to hear that action. The question remains whether the "Agreed Order" entered by the state court was a final judgment disposing of any of the issues being litigated in this case.

It is admitted by the Defendant that agreed judgments are given res judicata and collateral estoppel effect in Texas. The Defendant argues, nevertheless, that because the state court judgment at issue here was an agreed order, the court did not actually adjudicate the factual issues therein but merely approved the agreement reached by counsel. Since no factual issues were determined, Defendant argues, the judgment cannot operate as res judicata or collateral estoppel.

■ Defendant's objection is not well taken. In *Sawyer v. Smith*, 552 S.W.2d 936 (Tex.Civ.App.—Waco 1977, writ ref'd n.r. e.), the Plaintiff asserted that a consent judgment was merely a ministerial act of the court and could not serve as the basis for a valid plea of res judicata. The court found otherwise:

A consent judgment has substantially the same effect as any other judgment rendered in ordinary course. It is equally conclusive of the matters adjudicated, is not subject to collateral attack except upon jurisdictional grounds, and is entitled to the full effect of res judicata.

552 S.W.2d at 940. *See also Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234 (1961). It is clear that an agreed judgment must be construed as deciding factual issues as if there had been a trial on the merits.

■ The court must thus determine what factual issues were actually adjudicated. It is true, as Defendant contends, that in entering a judgment on consent of the parties a court in Texas is bound to enter a judgment falling strictly within the agreement of the parties. *Farr v. McKinzie*, 477 S.W.2d 672 (Tex.Civ.App.—Houston [14th

Dist.] 1972, writ ref'd n.r.e.); *Edwards v. Gifford*, 137 Tex. 559, 155 S.W.2d 786 (1941). Where, however, as here, there is no written agreement for the court to look to in order to ascertain the terms of the agreement, the court must rely on the judgment itself to reveal the terms of the agreement by implication. *See id.; Stephenson v. Vineyard*, 564 S.W.2d 424 (Tex.Civ.App. —Houston [1st Dist.] 1978, writ ref'd n.r.e.); *Rose v. Hatten*, 417 S.W.2d 456 (Tex.Civ. App.—Houston 1967, no writ). The rule in Texas is that "all issues raised by the pleadings are disposed of by the judgment unless the contrary appears on the face thereof." *Vance v. Wilson*, 382 S.W.2d 107, 108 (Tex. 1964); *Ellison v. McGlaun*, 482 S.W.2d 304 (Tex.Civ.App.—Amarillo 1972, writ ref'd n.r.e.). Where a claim is not expressly disposed of by a judgment even though it was properly put in issue by the pleadings, the judgment is construed to have denied the claim. *Blackburn v. Faulkinbury*, 554 S.W.2d 7 (Tex.Civ.App.—Texarkana 1977, writ ref'd n.r.e.); *Vance*, supra, at 109.

■ Although the face of the judgment here does not reflect the exact resolution of the fact issues, the consent decree recited that all requested relief was to be denied, that costs were to be taxed against Clyce, and that the issue of Defendant's (here Plaintiff's) damages was to be reserved until a later date. Clyce had sought to enjoin the foreclosure sale on the properties based on an alleged agreement between Clyce and Deyoe, and the only issues raised by the pleadings were the existence and effect of that oral agreement. It necessarily follows that these were the issues determined, adversely to Defendant, by the agreed order. The state court judgment was a decision as to the rights and liabilities of the parties in regard to the alleged agreement not to foreclose.

The defendant contends, however, that even if it is found that the state court made a factual determination of the issues there, res judicata and collateral estoppel should not apply because the present suit is on a different cause of action, the subject matter of the suit is not the same, and thus there is not the requisite identity of issues.

■ If the doctrine of res judicata applies, Clyce would be precluded from raising in this action any question as to the existence and effect of the oral agreement between Clyce and Deyoe, whether it relates to the foreclosure or not. A judgment is generally conclusive as to all matters that were considered or that should have been considered in the suit. *Griffin v. Holiday Inns of America*, 496 S.W.2d 535, 538 (Tex. 1973). It is well settled in Texas that:

[A]n existing final judgment rendered upon the merits by a court of competent jurisdiction upon a matter within its jurisdiction is conclusive of the rights of the parties in all other actions on the points at issue and adjudicated in the first suit. . . . Further, the rule of res judicata in Texas bars litigation of all issues connected with a cause of action or defense which, with the use of diligence, might have been tried in a former action as well as those which were actually tried. . . . Stated differently, a party cannot relitigate matters which he might have interposed, but failed to do so, in an action between the same parties or their privies in reference to the same subject matter.

*Abbott Laboratories v. Gravis*, 470 S.W.2d 639, 642 (Tex.1971). Thus, a judgment in one suit will not necessarily bar the litigation of claims arising out of the same transaction, but it will preclude reexamination of the same subject matter, that is, the same claim or controversy at issue in the prior suit. *Griffin*, supra, at 537.

■ In applying this test, it has been recognized that "a judgment in one suit to recover damages on one theory is conclusive as to all theories of liability that might have been alleged and all defenses that might have been urged with respect to the claim." *Id.* It has also been held, in applying Texas law, that where two claims arise out of the same set of facts, involve the violation of the same primary duty, and seek the same remedy, although on different theories, the second claim will be barred. *Brackett v. Universal Life Insurance Co.*, 519 F.2d 1072

(5th Cir. 1975); *Hall v. Tower Land Investment Co.*, 512 F.2d 481 (5th Cir. 1975).

█ It is clear from an examination of Clyce's claims that he is asserting different causes of action that arise from different facts, although the claims may have had their genesis in the same oral agreement. Although Clyce is barred from urging any new theories of relief that relate to the cause of action involved in the first suit, res judicata will not prevent the litigation of separate causes of action that arise out of the same transaction. *See Dawson v. Dawson*, 554 S.W.2d 39, 41 (Tex.Civ.App.—Tyler 1977, no writ). Clyce will not be barred by res judicata from asserting any claims or defenses that do not relate to the agreement not to foreclose.

█ The doctrine of res judicata applies to an action as a whole and bars the relitigation of claims or controversies once decided. Collateral estoppel or estoppel by judgment, on the other hand, operates to prevent an issue of fact that has been litigated and adjudicated in another court between the same parties or their privies from being relitigated. Even though the subsequent suit is for a different cause of action the prior judgment will estop the parties from relitigating an issue of fact that was essential to that judgment. *Olivarez v. Broadway Hardware, Inc.*, 564 S.W.2d 195, 199 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.); *Benson v. Wanda Petroleum Co.*, 468 S.W.2d 361 (Tex.1971).

Thus, collateral estoppel extends to matters that were either expressly determined or were necessarily involved in the earlier adjudication. *Griffin*, supra, a case upon which Defendant heavily relies, addresses precisely this point. In finding that a judgment on a breach of contract suit was not res judicata as to a quantum meruit action, the Texas Supreme Court held that a "judgment on the merits in a suit on a different cause of action is not conclusive of a subsequent suit on a different cause of action except as to issues of fact actually litigated and determined in the first suit." 496 S.W.2d at 538.

█ Here, several of the counterclaims and defenses that Clyce seeks to assert arise from the same alleged oral agreement not to foreclose that was asserted as the basis of Clyce's claims in state court. That court has already determined those factual issues. I must find, therefore, that Clyce is precluded by collateral estoppel from asserting in this action the existence and effect of the alleged oral agreement not to foreclose on the properties.

## II.

Plaintiff has moved the court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the claims set forth in Paragraphs 4, 5, 6, 8 and 9 of Defendant's counterclaim because such claims fail to state claims upon which relief can be granted, and to strike the defenses set forth in Paragraphs 63 and 64 of Defendant's answer because such defenses are insufficient as a matter of law.

Defendant has conceded that Paragraphs 5 and 8 of its counterclaim should be dismissed and that Paragraph 63 of its answer should be stricken. Accordingly, Plaintiff's motion as to those paragraphs is granted.

As to Paragraphs 4 and 6 of Defendant's counterclaim, the gravamen of these claims is that Plaintiff breached its agreement not to foreclose. Since the court has already found that the agreement not to foreclose was the subject of a valid state court judgment and the assertion of this issue is thus barred by res judicata or collateral estoppel, these counterclaims must of necessity be dismissed.

As to Paragraph 9 of Defendant's counterclaim and Paragraph 64 of Defendant's answer, the Plaintiff has submitted no argument as to why these paragraphs should be dismissed or stricken. I must, accordingly, deny Plaintiff's motion as to these two paragraphs.

It is, therefore, ORDERED, that in accordance with the foregoing opinion, Plaintiff's motion for partial summary judgment is granted. It is further ORDERED that Plaintiff's motion to dismiss Paragraphs 4,

5, 6, 8 and 9 is granted as to all those paragraphs except Paragraph 9, and Plaintiff's motion to strike is granted as to Paragraph 63.